**OFFICIAL LOCAL FORM 3**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS**

**CHAPTER 13 PLAN COVER SHEET**

| | | | |
|---|---|---|---|
| Filing Date: | 5/05/17 | Docket #: | 17-30366 |
| Debtor: | Paula Chretien | Co-Debtor: | |
| SS#: | xxx-xx-2231 | SS#: | |
| Address: | 49 Ely Avenue<br>West Springfield, MA 01089 | Address: | |

| | |
|---|---|
| Debtor's Counsel: | Eric Kornblum 561614 |
| Address: | 94 North Elm Street<br>Suite 402<br>Westfield, MA 01085 |
| Telephone #: | 413-568-3900 |
| Facsimile #: | 413-568-3955 |

**ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.**

**YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.**

**PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE § 341 MEETING OR THIRTY (30) DAYS AFTER THE SERVICE OF AN AMENDED OR MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.**

**OFFICIAL LOCAL FORM 3**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS**

**PRE-CONFIRMATION CHAPTER 13 PLAN**

CHAPTER 13 PLAN

Docket No.: **17-30366**

DEBTOR(S):   (H)  **Paula Chretien**         SS#  **xxx-xx-2231**

(W)                    SS#

## I. PLAN PAYMENT AND TERM:

Debtor's shall pay monthly to the Trustee the sum of $ **250.00** for the term of:

☐ 36 Months.  11 U.S.C. § 1325(b)(4)(A)(i);

☐ 60 Months.  11 U.S.C. § 1325(b)(4)(A)(ii);

☑ 60 Months.  11 U.S.C. § 1322(d)(2).  Debtor avers the following cause:

**Debtor's income requires a sixty (60) month plan.**                    ;or

☐ ____ Months.  The Debtor states as reasons therefore:

## II. SECURED CLAIMS

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | | Amount of Claim |
|---|---|---|---|
| **Ditech Bankruptcy Department** | **Pre-petition arrears** | $ | **13,000.00** |
|  |  | $ | **0.00** |

Total of secured claims to be paid through the Plan  $    **13,000.00**

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| **Ditech Bankruptcy Department** |  |

C. Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| **-NONE-** |  |  |

D. Leases:

    i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of **-NONE-** ; or

    ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of **-NONE-** .

    iii. The arrears under the lease to be paid under the plan are **0.00**.

## III. PRIORITY CLAIMS

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

Total of Priority Claims to Be Paid Through the Plan  $ **0.00**

## IV. ADMINISTRATIVE CLAIMS

A. Attorneys fees (to be paid through the plan):  $ **0.00**

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

## V. UNSECURED CLAIMS

The general unsecured creditors shall receive a dividend of **5.1856**** % of their claims. **This is a 'pot' plan. See Part VI.B.3.

A. General unsecured claims:  $ **9,642.02**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

Total of Unsecured Claims (A + B + C):  $ **9,642.02**

D. Multiply total by percentage:  $ **500.00**
    (Example:  Total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| -NONE- | | $ |

Total amount of separately classified claims payable at ____ %        $              **0.00**

## VI. OTHER PROVISIONS

    A. Liquidation of assets to be used to fund plan:

    B. Miscellaneous provisions:

        1. Holders of allowed secured claims must apply all payments received from the Chapter 13 Trustee to cure pre-petition defaults.

        2. Holders of allowed secured claims must apply all post-petition payments received directly from the Debtor to post-petition obligations in accordance with the terms of the note and mortgage and/or other security agreement, and in accordance with applicable non-bankruptcy law. No holder of an allowed secured claim may assess any penalty or late charge in respect of a post-petition payment made directly to such holder solely on the basis that the Debtors were, or are alleged to have been, in default under the terms of a note and mortgage and/or other security agreement on the date the petition in this case was filed.

        3. This is a 'pot' plan, in which the total of all payments in respect on non-priority unsecured claims (including the unsecured portion of undersecured claims) is a constant amount. The percentage dividend stated in this plan is an estimate based on claims currently known to the Debtor(s) and does not govern the amount of payments to non-priority unsecured creditors. Non-priority unsecured creditors are advised that they may receive more or less than the percentage dividend stated in this plan.

        4. No servicer of an allowed secured claim may seek to recover any deficiency alleged to exist in an escrow account (as the terms "deficiency" and "escrow account" are defined in 24 C.F.R. Section 3500.17(b)) on the petition date otherwise than by filing or amending a proof of claim to assert such deficiency in any escrow account statement furnished to the Debtor(s) without thereby being deemed to have violated this provision of 11 U.S.C. Section 362(a).

        5. Post-petition payments made directly to a servicer of an allowed secured claim will be deemed timely made in the correct amount if actually received on or before the due date, including any grace period during which no late fee accrues, at the address, and in the amount, most recently specified in writing by the servicer.

## VII. CALCULATION OF PLAN PAYMENT

| | | |
|---|---|---|
| A) Secured claims (Section I-A Total): | $ | **13,000.00** |
| B) Priority claims (Section II-A&B Total): | $ | **0.00** |
| C) Administrative claims (Section III-A&B Total): | $ | **0.00** |
| D) Regular unsecured claims (Section IV-D Total):+ | $ | **500.00** |
| E) Separately classified unsecured claims: | $ | **0.00** |
| F) Total of a + b + c + d + e above: | =$ | **13,500.00** |
| G) Divide (f) by .90 for total including Trustee's fee: | | |
| Cost of Plan= | $ | **15,000.00** |

(This represents the total amount to be paid into the Chapter 13 plan)

H. Divide (G), Cost of Plan, by Term of Plan,   **60** months
I. Round up to nearest dollar for Monthly Plan Payment:        $   **250.00**

(Enter this amount on page 1)

Pursuant to 11 U.S.C. § 1326(a) (1), unless the Court orders otherwise, a debtor shall commence making the payments proposed by a

plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

## VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **49 Ely Avenue West Springfield, MA 01089 Hampden County** | $ **169,000.00** | $ **192,450.00** |

Total Net Equity for Real Property: $ **0.00**
Less Exemptions (Schedule C): $ **0.00**
Available Chapter 7: $ **0.00**

B. Automobile (Describe year, make and model):

| | | | | |
|---|---|---|---|---|
| **2007 Dodge Durango 144,000 miles** | Value $ **3,000.00** | Lien $ **0.00** | Exemption $ **3,775.00** |
| **2006 Ford Fusion 130000 miles** | Value $ **1,900.00** | Lien $ **0.00** | Exemption $ **1,900.00** |

Total Net Equity: $ **4,900.00**
Less Exemptions (Schedule C): $ **4,900.00**
Available Chapter 7: $ **0.00**

C. All other Assets (All remaining items on Schedule B):  (Itemize as necessary)
**normal household goods and furnishings**
**normal wearing apparel**
**costume jewelry**
**pet rabbits, cats, dog**
**Cash**
**Checking: Peoples Bank**
**Checking: KeyBank**
**Federal and State: pre-petition portion of potential income tax refund for 2017**
**Child Support: $186.00/weekly**

Total Net Value: $ **9,755.00**
Less Exemptions (Schedule C): $ **9,755.00**
Available Chapter 7: $ **0.00**

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions:  $ **0.00**

E. Additional Comments regarding Liquidation Analysis:


## IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

/s/Eric Kornblum                                                                                  **June 10, 2017**
**Eric Kornblum 561614**                                                                Date
Debtor's Attorney
Attorney's Address: **94 North Elm Street**
**Suite 402**
**Westfield, MA 01085**
Tel. #:        **413-568-3900 Fax:413-568-3955**
Email Address:    **kornblumlaw@msn.com**

**I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.**

Date **June 10, 2017**　　　　　Signature　/s/Paula Chretien
　　　　　　　　　　　　　　　　　　　**Paula Chretien**
　　　　　　　　　　　　　　　　　　　Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 13 |
| | ) | |
| PAULA CHRETIEN, | ) | |
| | ) | CASE NO: 17-30366-EDK |
| | ) | |
| Debtor. | ) | |

## CERTIFICATE OF SERVICE

I certify that on June 12, 2017, I mailed by first class mail, postage prepaid the Chapter 13 Plan to the following:

Office of the US Trustee
446 Main Street, 14th Floor
Worcester, MA 01608

Denise M Pappalardo, Esq.
Chapter 13 Trustee
P.O. Box 16607
Worcester, MA 01601

Paula Chretien
49 Ely Avenue
West Springfield, MA 01089

And to all parties on the attached sheet(s).

/s/ Eric D. Kornblum
Eric D Kornblum, Esq.

Bank of America
P.O. Box 982238
El Paso, TX 79998-2235

Bank of America
c/o NES of Ohio
2479 Edison Blvd., Unit A
Twinsburg, OH 44087-2340

Bank of America
c/o Client Services, Inc.
3451 Harry S. Truman Blvd.
Saint Charles, MO 63301-4047

BayState Medical Center
P. O. Box 415555
Boston, MA 02241-5555

Columbia Gas of Massachusetts
P. O, Box 742514
Cincinnati, OH 45274-2514

Ditech Bankruptcy Department
P. O. Box 6154
Rapid City, SD 57709-6154

Elizabeth B. Hannigan, O.D. dba
Northampton Vision Specialists
86 Masonic Street
Northampton, MA 01060

Eversource
P. O. Box 650851
Dallas, TX 75265-0851

Eye & LASIK Center
33 Riddell Street
Greenfield, MA 01301

Midland Funding, LLC
2365 Northside Drive, Suite 300
San Diego, CA 92108

Midland Funding, LLC
c/o Lusstig, Glaser & Wilson, P.C.
P. O. Box 549287
Waltham, MA 02454-9287

Nationstar Mortgage, LLC
8950 Cypress Waters Blvd.
Coppell, TX 75019

Portfolio Recovery Associates, LLC
P. O. Box 12914
Norfolk, VA 23541

Synchrony Bank/Care Credit
Attn: Bankruptcy Dept.
P. O. Box 965061
Orlando, FL 32896-5061

Willabee & Ward
47 Richards Avenue
Norwalk, CT 06857